[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Michael L. McNeill, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of unauthorized use of a motor vehicle in violation of R.C.2913.03(B). He was convicted of the offense following a bench trial. For the following reasons, we affirm the trial court's judgment.
In his first assignment of error, McNeill argues that the trial court did not properly accept his jury waiver, as it did not engage him in a colloquy concerning the import of the waiver. We find no merit in this argument. As the Supreme Court of Ohio has held, there is no requirement that a trial court inquire whether a defendant understands all of the implications of the written jury waiver.[1] Here, the written waiver was properly executed and filed with the trial court, and the first assignment of error is overruled
In the second assignment of error, McNeill claims that the conviction was contrary to the weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2913.03(B), governing the unauthorized use of a motor vehicle, provides that "[n]o person shall knowingly use or operate * * * [a] motor vehicle * * * without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours." Here, Ralph Carr, the operator of a used-car lot, testified that a man had come to the lot to test-drive an automobile and had never returned it. The man had left his driver's license at the lot, and the driver's license was that of McNeill. Carr identified McNeill from a photographic lineup as the person who had taken the vehicle, and he also identified McNeill in court as the perpetrator of the offense. The automobile was found approximately four months later. Although McNeill argues that the identification testimony was unreliable,[3] the trial court could have reasonably found that it was McNeill who had used the car beyond the scope of the consent that was originally given, and we therefore overrule the second assignment of error.
In his third assignment of error, McNeill argues that the state failed to present sufficient evidence that he operated the vehicle without the consent of the owner or person authorized to give consent. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt."[4] In the case at bar, there was evidence that McNeill had permission to take the vehicle for a test drive but that he failed to return the car. The car was recovered approximately four months later. Based upon that evidence, a rational trier of fact could have found that McNeill operated the car beyond the consent initially given. We are therefore unpersuaded by McNeill's argument that he should have been charged under the theft statute, which in any event would have carried a greater potential penalty. The third assignment of error is overruled.
In his fourth assignment of error, McNeill argues that his conviction was improper because the prosecution had failed to provide him with exculpatory evidence within the meaning of Bradyv. Maryland.[5] Specifically, he claims that the state failed to inform him of evidence that a woman in a red car had accompanied the offender to the car lot when the vehicle was taken. We find no Brady violation demonstrated in the record. First, the evidence in the record indicates that the state was unable to contact the alleged accomplice and therefore had no means of informing McNeill of any particulars concerning the woman. In that sense, any potential exculpatory evidence was not in the possession of the prosecution within the meaning of Brady.
Further, there is no indication that, had the woman been located, her testimony would have been favorable to McNeill. Finally, McNeill was offered a continuance for further discovery, and he declined that opportunity. Under these circumstances, we cannot say that McNeill was deprived of a fair trial, and the fourth assignment of error is overruled.
In his fifth and final assignment of error, McNeill argues that he was denied the effective assistance of trial counsel, in that his attorney did not seek to exclude Carr's identification testimony and did not procure the testimony of the woman in the red car. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from counsel's performance.[6]
We find no merit in McNeill's arguments. The record does not reflect any police misconduct with respect to the identification procedures, and we therefore perceive no deficiency in counsel's failure to file a motion to suppress. Moreover, the argument that the photographic identification was tainted by Carr's possession of McNeill's driver's license for a period of time before he viewed the photographic lineup was fully developed through cross-examination at trial. Finally, as we stated under the fourth assignment of error, it is impossible to determine whether the woman in the red car would have provided testimony favorable to McNeill, and McNeill has thus failed to demonstrate any prejudice resulting from her absence at trial. The fifth assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Jells (1990), 53 Ohio St.3d 22,559 N.E.2d 464, paragraph one of the syllabus. While dicta in this court's prior decisions may suggest that such a colloquy is necessary, we must decide the issue in accordance with the rule set forth inJells.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] McNeill incorrectly argues that no in-court identification was made. It was McNeill's position at trial that his driver's license had been stolen and used by the thief to gain access to the automobile.
[4] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819, 825, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789.
[5] (1963), 373 U.S. 83, 83 S.Ct. 1194.
[6] Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 2064.